UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

2019 JUN 21  AM 11: 39

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE

No. 18-1705

Lisa Biron,
   Appellant

v.

United States of America

PETITION FOR PANEL RE-HEARING
AND
HEARING EN BANC

Lisa Biron (12775-049)
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

Issue of Exceptional Importance

Ms. Biron's motion[1] alleged a complete miscarriage of justice: a conviction and 40-year (life)-sentence for a non-existent offense. The district court dismissed the motion for want of jurisdiction and the Panel affirmed by disregarding the plain language of 28 U.S.C. §2244(a) that applies to federal inmates and permits entertainment of her motion regardless of § 2255(h)'s gatekeeping provisions. It instead applied portions of § 2244(b) applicable only to state inmates to affirm the dismissal. The Panel's conflation of federal and state inmate habeas law is a matter of exceptional importance that should be heard <u>en</u> <u>banc</u>.

---

[1] Ms. Biron labeled her motion as a Motion for Relief from Judgment Under Rule 60(b); the government and the courts have called it a successive habeas motion. The nomenclature is irrelevant. Ms. Biron has alleged a complete miscarriage of justice, i.e., a conviction and 40-year sentence (life) for a non-existent offense, or, in other words, actual innocence.

## Table of Authorities

Dodd v. United States,
    545 U.S. 353, (2005) .................................... 5

Gonzalez v. Crosby,
    545 U.S. 524 (2005) .................................... 3, 8

Gross v. FBL Fin. Servs. Inc.,
    557 U.S. 167 (2009) .................................... 4

Hardt v. Reliance Standard Life Ins. Co.,
    560 U.S. 242 (2010) .................................... 4

Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,
    530 U.S. 1 (2000) ...................................... 5

Lamie v. U.S. Tr.,
    540 U.S. 526 (2004) .................................... 4

Rodwell v. Pepe,
    324 F.3d 66 (2003) ..................................... 3, 4, 8


18 U.S.C. § 2251(a) ......................................... 1, 3
28 U.S.C. § 2244(a) ......................................... Passim
28 U.S.C. § 2244(b) ......................................... Passim
28 U.S.C. § 2244(c) ......................................... 6
28 U.S.C. § 2254 ............................................ 7
28 U.S.C. § 2255 ............................................ Passim
28 U.S.C. § 2255(h) ......................................... Passim

Introduction

Ms. Biron recounts the following procedural history as relevant to her request for hearing en banc because it exposes the Panel's apparent goal of extinguishing the matter quickly without due process or the opportunity for Ms. Biron to prosecute this appeal.

This appeal challenges the district court's (Barbadoro, P.) disposal of her motion under Rule 60(b) which addressed that court's egregious misinterpretation of the law, resulting in Ms. Biron's conviction and sentence to a term of years beyond her natural life expectancy ("life sentence"). Ms. Biron filed this motion under Rule 60(b) because the district court's mistake was clearly manifested in its decision denying her original habeas motion, and she thought it appropriate for that court to address the matter in the first instance. It remains Ms. Biron's position, as argued infra, that the law grants the court discretion to consider her motion and that it did, indeed, have jurisdiction under 28 U.S.C. 2244(a), § 2255, and Rule 60(b) to address a clear miscarriage of justice, i.e., actual innocence.

But the Panel would have no part of considering any argument or analysis of the matter by Ms. Biron and it did not allow Ms. Biron to file a brief.

After the district court denied the motion, Ms. Biron immediately filed a notice of appeal ("NOA"), on July 19, 2018, in the district court. At the same time, she filed an application for a certificate of appealability ("COA")[2] in this Court to obtain a COA to appeal the October 2,

---

2 See Petitions for Re-Hearing and Hearing En Banc filed in case nos. 18-1996 & 18-2226, which argue that the court rules and code do not mandate the filing of a NOA when seeking a COA, nor do they set a time limit; and that if filing deadlines in F.R.A.P. 4(a) are applicable, they are not jurisdictional and may be waived or forfeited.

1

2017 denial of her original § 2255 motion as is clearly stated in her COA application. Of course this application made no argument regarding the jurisdiction of the district court to adjudicate the motion under Rule 60(b); it was, after all, unrelated to the present appeal.

When her application for a COA did not appear on PACER, Ms. Biron wrote a letter to the Circuit Court Clerk dated July 31, 2018, wherein she clarified that the application was related to the October 2017 denial of her habeas motion and not to the July 2018 denial of her motion under Rule 60(b). She explained that she had filed the NOA in the district court to begin an appeal of the denial of her Rule 60(b) motion.

Nevertheless, it soon became apparent, via the clerk's correspondence of August 16, 2018, that the application for the COA was mistakenly docketed in this appeal. Wherefore, Ms. Biron sent a <u>Letter-Motion to Clarify and Stay All Proceedings Pending Clarification From Court</u>, dated August 22, 2018. Therein she explained to the Panel that the application for the COA had been docketed by mistake in this appeal. She further argued that it appeared the law does not require a COA to appeal the dismissal of the Rule 60(b) motion, but, if the Court would require one, to advise her of such so that she could file one. Otherwise, she requested the Court set a briefing schedule.

On September 25, 2018, Ms. Biron wrote to the clerk again requesting that the application for the COA mistakenly docketed in this appeal be unfiled, and inquiring of the status on her August 22, 2018 <u>Letter-Motion for Clarification</u> as she had not yet submitted <u>any</u> briefing relative to the present appeal. On May 2, 2019, however, instead of ruling on her pending motion and instead of allowing her to make any kind of appellate argument whatsoever—whether by a merits-brief or by applica-

tion for a COA—the Panel simply ignored all of her correspondence and her motion and issued a seven (7)-sentence judgment affirming the district court's judgment.

Ms. Biron now petitions for hearing en banc as she was not heard by the Panel in the first place and the matter is of exceptional importance, not only to her, but to all federal inmates.

The Court Has Jurisdiction to Entertain Her Motion

In her motion under Rule 60(b), Ms. Biron alleged, inter alia, that she was convicted of a non-existent offense and, thus, a complete miscarriage of justice had occurred (actual innocence). In sum, the district court's misapprehension and misapplication of 18 U.S.C. § 2251(a), that was revealed conclusively for the first time in its October 2, 2017 order dismissing her § 2255 motion, caused[3] her to be convicted and imprisoned for life for acts that are not a federal crime.

The district court denied the motion "for the reasons set forth in the government's objection." (Endorsed Order, 7/17/18.) The government's Memorandum in Reply to Defendant's Motion for Relief From Judgment Under Rule 60(b) stated that Ms. Biron's motion challenged her underlying conviction and was, therefore, a successive § 2255 motion, which the court could not entertain without prior authorization from this Circuit. Its analysis relied on two cases which involved state inmates, Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003) and Gonzalez v. Crosby, 545 U.S. 524 (2005). The Panel, without allowing any input from Ms. Biron, as explain-

---

[3] The government was complicit (as was trial counsel) in causing the wrongful conviction. Former U.S. Attorney John Kacavas plainly told the court and jury that it could convict Ms. Biron of acts not outlawed by by 18 U.S.C. § 2251(a). Specifically, he professed that Ms. Biron need only happen upon two minors in public engaged in sexually explicit acts, and take a picture. See Trans. Day 3, 1/10/13, pp. 41-42. In closing

ed above, affirmed[4] citing Rodwell as authority for barring the motion as a successive habeas petition filed without prior authorization from the Circuit Court. See Rodwell, 324 F.3d at 67.

Ms. Biron posits that the analysis used by the Panel to deny Ms. Biron's claim of actual innocence/miscarriage of justice was flawed in that it applied habeas corpus law that is applicable to state inmates not federal inmates. Specifically, the plain language of U.S.C. §§ 2244 & 2255 grants a circuit or district judge discretion to consider her claim regardless of § 2255(h)'s gatekeeping provisions and without prior authorization from this Court.

The Law and Analysis

When interpreting a statute, a court must "begin by analyzing the statutory language, 'assuming that the ordinary meaning of that language accurately expresses the legislative purpose.'" Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 251 (2010) (cleaned up) (quoting Gross v. FBL Fin. Servs. Inc., 557 U.S. 167, 175 (2009)). If the statute's language is plain, the court's sole function is to enforce the statute according to its terms, unless it leads to an absurd result. See Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'") (quoting Hartford Underwriters Ins. Co. v.

---

argument, Kacavas told the jury that to convict Ms. Biron required no evidence of causation at all. (See Id. at pp. 74-75.)

[4] It is not at all clear whether the Panel denied the appeal after a merits-analysis or if it was analyzing the matter under the standard for granting a COA (i.e., whether reasonable jurists would disagree). As stated, supra, it never addressed Ms. Biron's Motion for Clarification and did not allow her to file an application for a COA or any brief.

Union Planters Bank, N.A., 530 U.S. 1, 6 (2000))). It is presumed that the "legislature says in a statute what it means and means in a statute what it says there." Dodd v. United States, 545 U.S. 353, 357 (2005).

Under the plain language of §§ 2244 & 2255, failure to meet the gatekeeping provisions of § 2255(h) is not a jurisdictional bar to filing a subsequent motion that claims that a miscarriage of justice has occurred. In relevant part, 28 U.S.C. § 2244(a) states, "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of [a federal prisoner] if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255 [(the gatekeeping provisions)]. 28 U.S.C. § 2244(a)(emphasis added).

This plain language: "No . . . judge shall be required . . . except . . . " clearly allows "a circuit or district judge" to consider an additional habeas application regardless of prior certification by the circuit court that the gatekeeping provisions of § 2255(h) are met. If, however, the applicant obtains this certification, the judge no longer has discretion and must entertain the motion. And this has been the law since the original version[5] of § 2244 was amended in 1966.

The original version of § 2244 was enacted in 1948 to curb abuses of the writ. As the Senate explained, "[t]he original language denied Federal judges the power to entertain an application for a writ of habeas corpus where the legality of the detention has been determined on a prior application for such a writ, and the later application presents no

---

5 Title 28 U.S.C. § 2244 was enacted in 1948, amended in 1966, and amended to its present AEDPA-version in 1996.

5

new grounds." 28 U.S.C.S. § 2244, annotations, Senate's Explanation for 1966 amendment. The 1966 amendment, however, was "proposed [and adopted] to modify this provision so that, while a judge need not entertain such a later application for the writ under such circumstances, he is not prohibited from doing so if in his discretion he thinks the ends of justice require its consideration." Id. In addition, the 1966 amendment designated the existing matter as subsection (a) and made that subsection applicable solely to federal inmates. The next and latest amendment to § 2244 (the AEDPA in 1996) narrowed the circumstances under which a judge is required to entertain a subsequent application but it did not divest jurisdiction from the court to exercise its discretion to entertain an application if the ends of justice require it. The express legislative intent has not changed.

In fact, the language in the current (1996 AEDPA) version of § 2244(a) is identical to its 1966 predecessor except for the last clause. The last clause of the current version which reads "except as provided in section 2255" replaced the following language from the 1966-version which read, "and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry." The new (current) clause simply narrowed and particularly specified, via § 2255(h)(1)&(2), the circumstances in which the court is <u>required</u> to entertain a <u>federal</u> inmate's motion once the circuit court certifies (see § 2244(c)(3)(A)) that the gatekeeping conditions are met. It did not divest jurisdiction to correct a miscarriage of justice.

On the other hand, in the case of a <u>state</u> inmate's subsequent habeas

petition, filed under 28 U.S.C. § 2254, section 2244(b) applies, and mandates that a claim previously "presented in a prior application <u>shall be dismissed</u>." 28 U.S.C. § 2244(b)(1) (emphasis added). Similarly, a claim presented by a state inmate in a successive application <u>shall be dismissed unless</u> [certain gatekeeping requirements are met]." 28 U.S.C. § 2244(b)(2) (emphasis added).

The treatment of state inmate's habeas petitions according to the plain language of § 2244(b) leaves no room for the exercise of judicial discretion: If the conditions are not met or the filing is repetitive the court has no jurisdiction and the successive application <u>shall be dimissed</u>. This different treatment of federal and state inmates makes sense because in the case of a state inmate who was tried and convicted in a state court there are concerns of state sovereignty and federalism that are not applicable to federal inmates. Likewise, state inmates have far more constitutional protections in the criminal justice process than federal inmates. A state inmate has had a state trial, has often filed multiple motions for re-trial, has exhausted his direct appeals, and has launched at least one collateral attack through the state justice system under the protection of his state's constitution. If unsuccessful, the state inmate may then apply to the federal court for federal habeas relief.

In contrast, the federal inmate has had a trial and direct appeal, which generally ends at the circuit court-level. He may then bring a collateral attack before the same federal judge who presided over the trial, a judge who is loath to consider that an illegal conviction has occurred under his watch. Consequently, it is clear why Congress treats

federal inmate applicants in § 2244(a) very differently than their counterparts are treated in § 2244(b).

But in the present case, the Panel cites Rodwell v. Pepe, 324 F.3d 66 (2003), without any analysis, as authority to affirm the denial of Ms. Biron's motion as an unauthorized successive habeas application. Rodwell is a state inmate. Id. at 67. He challenged his conviction in several state proceedings and had already filed one unsuccessful petition for habeas relief in federal court before filing more unsuccessful challenges in state court. Id. at 68-69. Section 2244(b) applied to him and mandated dismissal of his successive application for failure to satisfy the conditions in § 2244(b)(2)(B) & (3). Id. at 73.

Likewise, the government, in its Reply to Ms. Biron's motion, relied on Gonzalez v. Crosby, 545 U.S. 524 (2005), as authority to support its argument for dismissal of her motion as an unauthorized successive § 2255 motion. Gonzalez also involved a state inmate who had filed a prior habeas petition. Therefore, the Court analyzed § 2244(b) to determine the extent to which Rule 60(b) applied to state inmate habeas petitions. Gonzalez, 545 U.S. at 529-30.

Consequently, both Rodwell and Gonzalez are wholly inapposite in determining whether the court has jurisdiction to entertain Ms. Biron's motion. Ms. Biron is a federal inmate and § 2244(a) applies to her motion. She has alleged a credible claim that a miscarriage of justice has occurred and she stands convicted of a non-existent offense. Therefore, according to the plain language of § 2244(a), the court has subject matter jurisdiction, and a circuit or district judge has the discretion to entertain her motion.

Wherefore, the en banc Court should hear this matter to correct the

error in the Panel's analysis that conflates the Congressional distinction between state and federal inmates' successive habeas applications, and grant such other relief as is deemed just and equitable.

Respectfully submitted

6/14/19
Date

Lisa Biron (#12775-049)

### Certification and Verification of Timely Filing

I certify and hereby swear, under penalty of perjury, that this Petition for Rehearing was mailed firstclass U.S. Mail postage prepaid to the First Circuit Court of Appeals on this date by depositing said mail in the inmate legal mail system, and that a copy of same was mailed to AUSA Seth Aframe.

6/17/19
Date

Lisa Biron

### Certificate of Compliance

This document complies with the page limit of F.R.A.P. 35(b)(2)(B) because, excluding the parts of the document exempted by F.R.A.P. 32(f), the document does not exceed 15 pages.

# United States Court of Appeals
## For the First Circuit

No. 18-1705

LISA BIRON,

Petitioner - Appellant,

v.

UNITED STATES,

Respondent - Appellee.

---

Before

Howard, <u>Chief Judge</u>,
Torruella and Kayatta, <u>Circuit Judges</u>.

---

**JUDGMENT**

Entered: May 2, 2019

Having reviewed the record in this case, we affirm the judgment of the district court.

We note only the following. Insofar as appellant's appeal is directed at her underlying criminal conviction, it is a successive habeas petition and is thus barred absent prior authorization from this court. See <u>Rodwell</u> v. <u>Pepe</u>, 324 F.3d 66, 67 (1st Cir. 2003) (Rule 60(b) motion should be treated as successive habeas petition if factual predicate constitutes direct challenge to the constitutionality of the underlying conviction). Insofar as she is challenging the habeas court's denial of relief, her claim fails because she did not appeal that judgment and she "may not use Rule 60(b) as a substitute for a timely appeal." <u>Giroux</u> v. <u>Fed. Nat'l Mortg. Ass'n,</u> 810 F.3d 103, 108 (1st Cir. 2016) (quoting <u>Ojeda–Toro</u> v. <u>Rivera–Méndez</u>, 853 F.2d 25, 28-29 (1st Cir.1988)).

<u>Affirmed</u>. 1st Cir. Loc. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Lisa Biron, John P. Kacavas, Donald A. Feith, Seth R. Aframe, Helen White Fitzgibbon

Lisa Biron
12775-049
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093

**CERTIFIED MAIL**

7000 1530 0004 2882 4631

U.S. POSTAGE PAID
PM 2-Day
WASECA, MN
56093
JUN 19, 19
AMOUNT
$0.00
R2305M148160-04

12775-049
First Cir Ct Of Appeals
Clerk of Court
1 Courthouse WAY
Boston, MA 02210-3011
United States

PRIORITY MAIL